**In re Peter HENSTRA, Debtor.**

**Bankruptcy No. 3–85–2974.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 31, 1986.

Ian Ball, Minneapolis, Minn., for debtor.

Gary Koch and Robert Halvorson, New Ulm, Minn., for PCA.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on March 25, 1986, on several motions involving the Debtor and Production Credit Association of Worthington (PCA). Ian Ball appeared on behalf of the Debtor, and Gary Koch appeared on behalf of PCA. Based on the motions, testimony and exhibits heard and received at hearing, and upon all of the records and files herein, the Court being fully advised in the matter now makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

### FACTS

On October 29, 1985, this Court ordered involuntary dismissal of the Chapter 11 bankruptcy case of Spring Water Dairy Farm, Inc. Peter Henstra is the president, and he and his spouse are the sole shareholders of that corporation. The Spring Water Dairy case was filed on February 24, 1984, and had been pending for one year and eight months without significant progress toward reorganization at the time of its dismissal.

Following the dismissal, PCA prepared a state court summons and complaint in replevin, naming as defendants both the corporation and Mr. Henstra, personally, in which it sought to foreclose on certain collateral and obtain a deficiency judgment. The pleadings were subsequently forwarded to the Rock County Sheriff for service.

Before the pleadings were served, Peter Henstra filed a petition for relief under 11 U.S.C. Chapter 13 on December 6, 1985. PCA received notice of the filing in late January or early February. It nevertheless caused the sheriff to serve the state court action on the parties defendant on March 5, 1986, without either obtaining relief from the stay or amending the pleadings to delete reference to the Debtor.

The Debtor filed his Chapter 13 petition on his own behalf without the assistance of counsel. From the Debtor's schedules filed in support of the petition, it is apparent

that either his secured indebtedness exceeds $350,000.00 or his unsecured indebtedness exceeds $100,000.00.

The Chapter 13 plan was filed on January 16, 1986. No payments have been made under the plan and no order was sought delaying payments pursuant to 11 U.S.C. § 1326. The plan provides for annual payments of $24,000.00 against indebtedness (all of which is scheduled as disputed) of $670,000.00. The payments are scheduled to commence November 15, 1986, but no information is furnished in the plan or otherwise regarding how or to whom the Chapter 13 trustee is to distribute the funds.

PCA scheduled and proceeded with a hearing in state district court on March 17, 1986, in its replevin action, seeking an order entitling it to immediate possession of collateral valued at $114,390.00. No relief from stay was sought to schedule and proceed with the hearing. However, PCA informed the state court at the hearing that it was seeking possession only of collateral it alleged to be the property of Spring Water Dairy Farm, Inc., not property of the Debtor, Peter Henstra. It is unclear whether Mr. Henstra claimed at any stage of the state court proceedings through the March 17, 1986, hearing that he personally owned any of the property that was the subject of that hearing.

The Debtor filed his motion for contempt against PCA for willful violation of the automatic stay by causing service of the state court summons and complaint on his post-petition; and on March 18, 1986, he filed an expanded motion seeking an order of contempt against PCA's counsel for proceeding with the March 17, 1986, state court hearing for immediate possession of its collateral.

PCA and its attorneys countered by filing on March 21, 1986, a motion seeking an order: denying the Debtor's motion for contempt; expedited hearing on, and the granting of, relief from stay; expedited hearing on, and the granting of, dismissal of the Debtor's Chapter 13 case based on ineligibility of the Debtor and bad-faith filing.

Both sides seek costs and attorneys' fees in the matter. At the hearing, the Debtor consented to dismissal of the case, but asked for a stay of the dismissal pending an opportunity to enforce any damages, costs and attorneys' fees awarded pursuant to a finding of contempt against PCA and its attorneys.

## II.

## PARTIES' CONDUCT

### The Debtor

The filing of a voluntary petition under either Chapter 13 or 11 constitutes the de facto exercise by a debtor of especially potent judicial power. The filing itself is an order for relief which imposes—without specific judicial sanction and without notice to interested parties or opportunity for hearing—a broadly based injunction shielding the Debtor and his prepetition property, along with post-petition property from his creditors. Usually the debtor remains in control and possession of property, in which others have a substantial interest, after the injunctive shield is in place.

■ Neither the Bankruptcy Code nor the Rules require that a voluntary petition be filed by an attorney at law. Accordingly, debtors can choose to exercise the powers incident to the filing on their own behalf. However, in light of the scope of the powers exercised, debtors acting on their own behalf must be held to the same standards regarding knowledge of the law and entitlement under it, as to which attorneys are held. Anything less would sanction and encourage the exercise of substantial power without accountability for abuse.

■ The petition, schedules and Chapter 13 plan filed in this case present confusing, inconsistent, vague and obscure information. However, it is apparent to the Court that Mr. Henstra is not eligible to be a Chapter 13 debtor because of his debt structure. He scheduled a total of $670,000.00 in debt and, although all is listed as disputed, it is clear to the Court from the file and from the dismissed related case file of Spring Water Dairy Farm, Inc., that he

does not meet the requisites of 11 U.S.C. § 109(e).

Section 109(e) allows only individuals with regular income who have non-contingent liquidated, unsecured debts of less than $100,000.00 and non-contingent, liquidated, secured debts of less than $350,000.00 to be debtors under Chapter 13. In this case, the mere scheduling of the entire $670,000.00 debt as "disputed" does not constitute a good-faith filing, sufficient to meet the threshold requirements of eligibility.

Furthermore, the plan filed in the case does not meet the requisites of 11 U.S.C. § 1322(c), and it was not timely implemented as required by 11 U.S.C. § 1326. The plan clearly would exceed the five-year limitation of payments required by the former section, and no payments have been made or relief from payments sought as required by the latter.

Mr. Henstra is not a novice in the field of bankruptcy. He filed Spring Water Dairy Farm, Inc., as its president, under Chapter 11 on February 24, 1984, and operated the corporation as debtor-in-possession during its lengthy pendency in bankruptcy.

Furthermore, Mr. Henstra's history of bankruptcy involvement reveals a lack of good faith. In the Spring Water Dairy case, as in this one, he consistently confused and obscured the nature of ownership of property between corporate and personal capacity to serve whatever purpose seemed suitable at the moment. One of the reasons cited by the Court for dismissing the Spring Water Dairy case was failure of the Debtor to amend its schedules to accurately disclose corporately owned property in compliance with an earlier court order.

Based on the entire file and on the history of the Debtor's involvement in the Spring Water Dairy Farm, Inc., related Chapter 11 case, the Court concludes that the filing of this Chapter 13 case was in bad faith; was without legal basis; and was filed for the sole purpose of frustrating lawful attempts by the Debtor's creditors to realize on their collateral under circumstances of long-standing and substantial default on underlying indebtedness.

**PCA and Its Attorneys**

The actions of PCA of Worthington and its attorneys are no more commendable. PCA had notice of the Debtor's filing at least one month before it caused service of the state court replevin action on the Debtor, naming him as a defendant personally and seeking a deficiency judgment against him. Commencement of the action against the Debtor without first obtaining relief from the stay was clearly in violation of 11 U.S.C. § 362. The record is not entirely clear regarding knowledge of the bankruptcy by PCA's counsel or counsel's participation in causing the service of process. However, it is highly unlikely that PCA's attorneys were not aware of the Chapter 13 filing, and it is equally unlikely that they had no participation in commencement of the state court action.

In any event, counsel was aware of the bankruptcy when it chose to go forward with the March 17, 1986, hearing in state court seeking immediate possession of itemized collateral. Counsel argues that proceeding with the hearing was not in violation of the automatic stay because only property of Spring Water Dairy Farm, Inc., was sought, not property of Peter Henstra, the Debtor, and that the state court was so informed.

The Debtor testified at the March 25, 1986, hearing in this Court on contempt that certificates of title to many of the items sought by PCA at the state court hearing on March 17, 1986, show title in his name individually. PCA, however, has produced financial statements executed by the Debtor in 1981 where he represented, as president of Spring Water Dairy Farm, Inc., that the corporation owned the same property.

Regardless of what representations were made to PCA in 1981 regarding ownership of the property sought at the March 17, 1986, state court hearing, if the title documents show ownership in the Debtor, repossession during pendency of the Chapter 13 bankruptcy case without first obtain-

ing appropriate relief from the Bankruptcy Court would constitute violation of the stay. The appropriate forum for determination of whether a particular action or proceeding is stayed by a bankruptcy case, is the Bankruptcy Court, not the non-bankruptcy forum where the action or proceeding is pending.

 Repossession pursuant to a state court order without first obtaining relief from the stay would be null and void under circumstances where title documents show ownership in the Debtor. Furthermore, such repossession in a state court proceeding post-petition would be in violation of the stay regardless of what the title documents show regarding ownership, if the Debtor asserts ownership. Determination of ownership is a core proceeding in the bankruptcy case, and, absent relief from stay, a creditor is barred from seeking the determination in another forum.

▇ Under the facts and circumstances of this case, and in light of the history of dealings between the Debtor Henstra, Spring Water Dairy Farm, Inc., and PCA, the post-petition commencement and continued prosecution by PCA of the state court replevin action involving the Debtor without first obtaining relief from the stay was inappropriate, unjustified and inexcusable. The time to seek dismissal of a case believed to have been filed in bad faith or in the alternative, relief from stay, is before—not after—taking action against the Debtor in a non-bankruptcy forum. Belief of bad-faith filing is not justification for violation of the stay.

## III.

### DISPOSITION

It is clear that this bankruptcy case should be dismissed. The Debtor affirmatively consented to dismissal at the hearing, and accordingly, the Court treats the dismissal as voluntary for purposes of 11 U.S.C. § 109(f). By their conduct in this case, the parties are undeserving of any other relief sought.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. This case is dismissed.

2. All other motions and relief sought are denied to all parties.